UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ARTHUR SASSMAN, II,<br><br>Plaintiff,<br><br>v.<br><br>US DEPT. OF STATE, et al.,<br><br>Defendants. | No. 2:20–cv–1803–JAM–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S IFP REQUEST<br><br>(ECF No. 2) |

Presently pending before the court is plaintiff's motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees).[1]  (ECF No. 2.) Presently, a filing fee of $400.00 is required to commence a civil action in this Court.

The affidavit in support of the motion indicates that plaintiff's gross wages are $18,000 annually, and that he has approx. $2,600 in liquid assets.  According to the United States Department of Health and Human Services (https://aspe.hhs.gov/poverty-guidelines), the poverty guideline for a household of 1 not residing in Alaska or Hawaii is $12,760.00 for 2020.  Thus, plaintiff's gross household income is well above poverty guideline.  Therefore, the Court cannot find that plaintiff is unable to pay the court filing fee.

---

[1] This matter was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21).

1

To be sure, the Court is sympathetic to the fact that plaintiff does not have a large income by any measure, and that plaintiff also has several expenses to contend with. However, numerous litigants in this court have significant monthly expenditures, and may have to make difficult choices as to which expenses to incur, which expenses to reduce or eliminate, and how to apportion their income between such expenses and litigating an action in federal court. Such difficulties in themselves do not amount to indigency.

However, based on the information provided by plaintiff, it is clear that a one-time $400 payment may represent a significant strain on his monthly budget. Therefore, the court finds it appropriate to allow for monthly payments of $100.00 until the $400.00 filing fee is paid in full. Upon satisfaction of the full filing fee, the court would then issue the appropriate service orders.

In response to the court's decision, plaintiff may choose to do one of the following within 14 days of this decision:

   a) Plaintiff may pay the full $400 filing fee and withdraw his in forma pauperis request;

   b) Plaintiff may file a statement with the court agreeing to the $100 per month payment plan. The court will then submit recommendations to the assigned district judge with a payment schedule;

   c) File an objection to these findings and recommendations, which the court will present to the assigned district judge for consideration. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

## RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiff be ordered to pay the applicable filing fee on a monthly payment plan, and that service would be appropriate after full satisfaction of the filing fee; and

3. Plaintiff be informed that a failure to timely pay the filing fee, or timely request an extension of time to do so, may result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

////

1  These findings and recommendations are submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served on all parties and filed with the court within fourteen (14) days after service of the
7  objections.  The parties are advised that failure to file objections within the specified time may
8  waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th
9  Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).
10 Dated:  September 18, 2020

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

sass.1803