UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ARTHUR SASSMAN, II, | No. 2:20–cv–1803–JAM–KJN PS |
| Plaintiff, | ORDER |
| v. | |
| US DEPT. OF STATE, et al., | |
| Defendants. | |

On December 29, 2020, defendant Del Norte County filed a motion to dismiss, and noticed its motion for a February 11, 2021 hearing.[1] (ECF No. 23.) Pursuant to the court's Local Rules, plaintiff was obligated to file and serve a written opposition or statement of non-opposition to the pending motion at least fourteen (14) days prior to the hearing date: January 28, 2020. See E.D. Cal. L.R. 230(c) ("Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.") The court's docket reveals that plaintiff, who is proceeding without counsel, failed to file a response. Further, though this case was filed in September 2020, the remaining defendants have not appeared.

---

[1] This case is before the undersigned per 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

1

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds).  Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[2]  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

///

---

[2] The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss.  See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. App'x. 789, 790 (9th Cir. 2010) (unpublished).

Given plaintiff's pro se status, the court will not recommend dismissal for failure to prosecute (failure to file opposition) at this time.  Instead, the court provides one final opportunity for plaintiff to either respond to defendant County's motion to dismiss or file a statement of non-opposition thereto.[3]  Plaintiff's failure to do so will be construed as non-opposition to the motion, and will constitute additional grounds for dismissal under Rule 41(b).  Further, given that plaintiff initially failed to file an opposition brief, the court vacates the hearing and will dispose of the matter on the record and briefing.  See Local Rule 230(c) ("No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .").

Further, given that defendants U.S. Department of State, Chief Officer, and Agency Counsel have not entered, it is highly likely that plaintiff has yet to effect proper service on these defendants.  Federal Rule of Civil Procedure 4(m) requires that if a "defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Given plaintiff's pro se status, the court will not recommend dismissal at this time.  Instead, plaintiff shall show cause why the remaining defendants should not be dismissed.  Plaintiff may do so by demonstrating his service efforts as to these defendants, or by showing good cause for any failure to do so.  See Rule 4(i) ("Serving the United States and Its Agencies, Corporations, Officers, or Employees.")

**ORDER**

It is HEREBY ORDERED that:

1. The February 11, 2021 hearing on defendant County's motion (ECF No. 9) is VACATED;
    a. Plaintiff shall file written opposition to this motion, or a statement of non-opposition thereto, by February 25, 2021.  Plaintiff's failure to file

---

[3] Given the court is under restricted access due to the current health crisis (See General Order 612), plaintiff may submit his filing by mail.  Should plaintiff wish to submit his filing in person at the court, plaintiff is advised to bring a copy of this order with him—as the current general order restricts public access to the facilities.

3

a written opposition will be deemed a statement of non-opposition to the pending motion and consent to the granting of the motion, and shall constitute an additional ground for the imposition of appropriate sanctions, including a recommendation that Plaintiff's entire case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b);

b. Defendant County may file a written reply to plaintiff's opposition, if any, by March 4, 2021;

c. The court will take the County's motion to dismiss under submission after this last deadline; and

2. By February 25, 2021, plaintiff shall show cause why defendants U.S. Department of State, Agency Chief Officer, and Agency Counsel should not be dismissed under Rule 4(m) for failure to effectuate service.

Dated: February 3, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

sass.1803