UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ARTHUR SASSMAN, II,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>US DEPT. OF STATE, et al.,<br><br>　　　　　Defendants. | No. 2:20–cv–1803–JAM–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS ON DEFENDANTS' MOTION TO DISMISS; ANCILLARY ORDER |

On September 8, 2019, plaintiff filed a complaint against the U.S. Department of State, the Agency General Counsel, and the Del Norte County Office of Child Support Enforcement related to his child support obligations and revocation of his U.S. Passport.[1] (ECF No. 1.) Plaintiff obtained service on Del Norte, who entered and filed a motion to dismiss. (ECF No. 9.) Plaintiff did not file a response to defendants' motion to dismiss. (See Id.) Out of an abundance of caution, the court provided plaintiff another opportunity to oppose, and also ordered him to show cause why the U.S. defendants had not been served. (ECF No. 10.) Plaintiff did not respond to this OSC, nor to Del Norte's motion to dismiss. Thus, the court RECOMMENDS dismissal for failure to prosecute.

///

---

[1] Plaintiff proceeds without the assistance of counsel; thus, this case is assigned to the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

1

**Legal Standard**

Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself [] without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

**Analysis**

Here, the first two factors weigh in favor of dismissal, because this case has already been delayed by plaintiff's failure to take the steps necessary to move this case forward. The third factor also slightly favors dismissal, because, at a minimum, defendants have been deprived of an opportunity to be promptly notified of the lawsuit and prepare their defense. With the passage of time, witnesses' memories fade and evidence becomes stale.

Furthermore, the fifth factor, availability of less drastic alternatives, favors dismissal, because the court has already attempted less drastic alternatives. Specifically, the court, cognizant of plaintiff's pro se status, provided him with an additional opportunity to respond to the motion to dismiss and inform the court regarding service, despite his failure to follow the Federal Rules and the court's local rules. See Local Rule 230(c) ("Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.") Plaintiff was warned that further failure to oppose would be treated as non-opposition to the motion, and would constitute an additional ground for involuntary dismissal under Federal Rule of Civil Procedure 41(b). See Id. ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."). Simply, plaintiff has been incommunicado since filing his complaint, leaving the court with little alternative but to recommend dismissal.

Finally, as to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other Ferdik factors. Indeed, it is plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.

Therefore, after carefully evaluating the Ferdik factors, the court concludes that dismissal is appropriate.

**RECOMMENDATIONS**

Accordingly, it is HEREBY RECOMMENDED that:

1.   The action be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b); and

  2.  The Clerk of Court be directed to CLOSE this case.

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

**ORDER**

  Given the above recommendations, the court now VACATES the status (initial scheduling) conference, currently set for March 11, 2021.

Dated:  March 2, 2021

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

sass.1803